UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMOT HILLS LLC | ) ) ) Civil Action No.: ) |
| Plaintiff, | ) JUDGE: ) |
| v. | ) ) |
| HOMY CASA LIMITED, | ) ) ) |
| Defendant. | ) |

**COMPLAINT
FOR DECLARATORY JUSDGMENT OF NON-INFRINGEMENT
AND INVALIDITY OF UNITED STATES PATENT NO. D845,679 AND OTHER RELIEF**

Plaintiff, Ramot Hills LLC ("Ramot"), by and through its attorneys, Aronberg Goldgehn Davis & Garmisa, for their complaint against Homy Casa Limited ("Homy" and alternatively "Defendant") alleges as follows:

**NATURE OF THE ACTION**

1. This is a declaratory judgement action seeking a determination that Ramot does not infringe any valid or enforceable claim of U.S. Patent no. D845,679 ("the '679 patent") under 35 U.S.C. § 271.

2. This is a declaratory judgement action seeking a determination that the '679 patent is invalid.

3. This is an action seeking damages for violations of 35 U.S.C. § 292.

4. A true and correct copy of the '679 patent is attached as Exhibit A.

5. A true and correct copy of the file history of the '679 patent is attached as Exhibit

1

B.

6. A true and correct copy of the assignment of the '679 patent to Homy is attached as Exhibit C.

## THE PARTIES

7. Ramot Hills LLC is a New York limited liability company with its principal place of business in New York, New York.

8. Ramot Hills is in the business of, among other things, procuring and reselling home goods, including foldable desks thorough online retailers in the Chicago area.

9. Upon information and belief Homy is a Chinese company having a place of business at RM 1905 Nam Wo Hong Building 148 Wing Lok Street, Sheung Wan, Hong Kong.

10. On information any belief Homy has alternatively identified itself as a private limited company organized in China and having an address of Second Booth of No. 81, He'an Street, Xi'hua Road, Liwan Dist., GuangZhou, China.

11. On information and belief, Homy Casa is also doing business as Homy Casa Inc.

12. An assignment recorded with the United States Patent Office at Reel/Frame 044615/0503 (Exhibit C) shows the named inventor YueHai Li assigning the application 29/633,424 that matured into the '679 patent to Homy Casa Limited having a place of business at RM 1905 Nam Wo Hong Building 148 Wing Lok Street, Sheung Wan, Hong Kong.

## JURISDICTION AND VENUE

13. On March 20, 2020, Ramot received a policy warning email from Amazon.com. Exhibit D.

14. The policy warning stated that the Rights Owner (Utz Osterhoff, info@bochumpatent.de) had filed a report alleging that Ramot products ASIN:B07K7VTLYW

B.

6. A true and correct copy of the assignment of the '679 patent to Homy is attached as Exhibit C.

## THE PARTIES

7. Ramot Hills LLC is a New York limited liability company with its principal place of business in New York, New York.

8. Ramot Hills is in the business of, among other things, procuring and reselling home goods, including foldable desks thorough online retailers in the Chicago area.

9. Upon information and belief Homy is a Chinese company having a place of business at RM 1905 Nam Wo Hong Building 148 Wing Lok Street, Sheung Wan, Hong Kong.

10. On information any belief Homy has alternatively identified itself as a private limited company organized in China and having an address of Second Booth of No. 81, He'an Street, Xi'hua Road, Liwan Dist., GuangZhou, China.

11. On information and belief, Homy Casa is also doing business as Homy Casa Inc.

12. An assignment recorded with the United States Patent Office at Reel/Frame 044615/0503 (Exhibit C) shows the named inventor YueHai Li assigning the application 29/633,424 that matured into the '679 patent to Homy Casa Limited having a place of business at RM 1905 Nam Wo Hong Building 148 Wing Lok Street, Sheung Wan, Hong Kong.

## JURISDICTION AND VENUE

13. On March 20, 2020, Ramot received a policy warning email from Amazon.com. Exhibit D.

14. The policy warning stated that the Rights Owner (Utz Osterhoff, info@bochumpatent.de) had filed a report alleging that Ramot products ASIN:B07K7VTLYW

infringed D845,679 and informed Ramot that the product would be deactivated from Amazon.

15. Amazon did deactivate Ramot's listing of the product and Ramot has been unable to sell the product through Amazon since that time.

16. Ramot contacted the identified rights owner on April 1, 2020 by letter in which Ramot explained that its product did not infringe and requested that Defendant withdraw its complaint from Amazon.

17. Defendant has refused to withdraw the complaint, and Ramot continues to be damages by its inability to sell its products in Illinois and elsewhere.

18. Ramot maintains that its products do not infringe any valid and enforceable claim of the '679 Patent.

19. Ramot brings this action under Title 35 of the United States Code, and under 28 U.S.C. §§ 2201 and 2202, to obtain a declaration of non-infringement and invalidity with respect to the '679 Patent.

20. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., which are within the subject matter jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1338(a).

21. Defendant sells products in Illinois through on-line retailers, and specifically sell folding desks that may be subject to the '679 Patent in the Chicagoland area. This Court has personal jurisdiction over the Defendant because Defendant has asserted '679 patent to affect Ramot's sales in Illinois and Defendant engages and maintains continuous and systematic contacts with the state of Illinois, including conducting of substantial and regular business therein through marketing and sales of products purportedly covered by the '679 patent.

22. An example of a Homy Casa product that is covered by the claim of the '679 patent is the following:



23. The foregoing product was sold in the United States through Walmart.com and was identified as "HOMY CASA Writing Computer Desk Study Desk Home Office Brown Notebook Desk," and listed as "Sold & Shipped by HOMY CASA INC." See Exhibit E.

24. Based on Cozy Comfort's actions there exists an actual substantial controversy between the parties with adverse legal interests such immediacy and existence so to warrant a declaratory judgment.

25. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) at least

4

because Defendant has sufficient contacts with this district for personal jurisdiction.

## GENERAL ALLEGATIONS

26. Ramot is a purveyor of various products including desks, and sells its products through various retail outlets including Amazon.com.

27. In some instances, Ramot purchase products from others and resells those products online.

28. One of Ramot's products is a folding desk, referred to as a Halter Modern Folding Computer Table, and having the following appearance:



29. Defendant purports to be the owner of the '679 patent titled COMPUTER DESK.

30. YueHai Li is identified as the sole inventor of the '679 patent.

31. Defendant, through its agent Utz Osterhoff, has accused Ramot products, and specifically the foregoing Computer Desk, of infringing the '679 patent.

5

32. Defendant has used the '679 patent to prevent Ramot from selling its products on Amazon.com.

33. Defendant's actions have resulted in Amazon.com removing listings of Ramot products from sale on the Amazon.com website.

34. Upon analyzing the '679 patent and comparing it to Ramot products, it is clear that Ramot products do not infringe the '679 patent.

35. Ramot products exhibit a number of distinguishing characteristics and design elements that establish that they are distinct from what is claimed by the '679 patent.

36. For example, the gap between the crosspiece of the Ramot products and the '679 patent is different and would be perceived as distinct in the eyes of an ordinary observer.

37. For example, the angle and termination points of the structural side supports of the Ramot products and the '679 patent is different and would be perceived as distinct in the eyes of an ordinary observer.

38. For example, the Ramot product has distinct and pronounced feet which are different from the '679 patent, which includes no feet, and would be perceived as distinct in the eyes of an ordinary observer.

39. Defendant's conduct has and continues to cause harm to Ramot through Defendant's use of the '679 patent to interfere with Ramot's sales of its products.

40. Defendant's conduct and accusations of infringement raise an actual case or controversy between the parties.

41. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been damaged, at least by the prevention of the sale of desks.

42. Additionally, on April 1, 2020, Ramot wrote to Defendant requesting a detailed

explanation of why Defendant asserted that the Ramot desk infringed.

43. Defendant failed to provide any substantive basis for its allegation whatsoever.

44. On information and belief, YueHai Li is not the inventor of the subject matter of the '679 patent.

45. On information and belief, YueHai Li observed the claimed design that was in fact created by another, and YueHai Li permitted and encouraged the filing of a United States patent application listing YueHai Li as the inventor when YueHai Li was not.

46. The '679 patent was filed on Jan. 13, 2018.

47. Prior to that date, folding desks exhibiting substantially the same ornamental design if not the identical ornamental design were on sale and offered for sale in this country and in foreign countries.

48. On information and belief, Defendant knew or should have known that YueHai Li was not the inventor of the '679 patent, and that the '679 patent was invalid because the subject matter of the '679 patent was on sale prior to the filing date of the '679 patent.

49. Defendant further engaged in a scheme to defraud the United States Patent Office and secured the '679 patent through deception.

50. Particularly, during the prosecution of the '679 patent, neither the named inventor, nor the Assignee Defendant, nor the agent(s) of either filed any information disclosure statement with the United States Patent Office.

51. On information and believe, at least one of the inventor, the Assignee Defendant, and the agent(s) of either were aware of prior art that was material to the patentability of the '679 patent and deliberately hid that information from the Patent Office in violation of each entities' duty of candor.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement)

52. Ramot realleges and incorporates each of the foregoing paragraphs as if fully set forth in this paragraph.

53. As a result of the acts set forth in the paragraphs above, a substantial controversy of sufficient immediacy and reality exists to warrant the issuance of a declaratory judgment.

54. A judicial declaration is necessary and appropriate so that Ramot may definitively establish its rights with respect to the sale of its products in view of the '679 patent.

55. Such a determination is further necessary to bar Defendant from continuing to misuse its patent though assertions of infringement by Ramot to third-party retailers (such as Amazon.com) and convincing such third-party retailers to remove Ramot's products.

56. On information and belief, Defendant knew or should have known that Ramot's products do not infringe the '679 patent.

57. However, Defendant intentionally approached third-parties just as the COVID-19 pandemic was accelerating, when the market for temporary and collapsible furniture was accelerating, and filed its complaint to remove Ramot's products even though those products did not infringe.

58. Defendant has maintained its complaint with Amazon, continuing to bar Ramot's sales despite Defendant being advised and informed that Ramot's products do not infringe the '679 patent.

59. Defendant's conduct was egregious and exemplified Defendant's unilaterally and improperly expanding the scope of its patent to misuse '679 patent against Ramot in a deliberate and calculated attack to exploit the COVID-19 pandemic for its own gain.

60. Defendant's conduct make this case and exceptional case, entitling Ramot to an

award of its fees and costs.

61. Ramot is entitled to a declaratory judgment that it has not infringed and does not infringe, directly, indirectly, or contributorily any valid and enforceable claim of the '679 patent.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity)

62. Ramot realleges and incorporates each of the foregoing paragraphs as if fully set forth in this paragraph.

63. The '679 patent includes a single claim to the ornamental design for a computer desk as shown and described in the '679 patent.

64. The design includes an "X" shaped crosspiece at the back, and angled side braces that extend from the top front corner to the bottom back corner of each side as shown in the following drawing:



65. On information and belief, desks having substantially the same if not identical designs to the design disclosed and claimed by the '679 patent, at least such that they would be viewed as being the same in the eyes of an ordinary observer, were on sale, sold, or described in printed publications prior to the priority date of the '679 patent rendering the '679 patent invalid under one or more of 35 U.S.C 102, 103.

66. For example, Xiamen Youjin Trade Co., LTD, having an address of Room B512,

NO.10, East Haijing Road, Haicang, Xiamen, offered to sell Item No. 604-0022 at least as early as October 31, 2017.

67. For example, Zhanghou Dongrong Import & Export Co. Ltd. having an address of 12/F, Ji Long Bldg Yanan Bei Road Zhangzhou Fujian China sold item number DR-OD-1015A at least as early as March 23, 2017.

68. Item number DR-OD-1015A exhibits the following appearance:



69. Item number DR-OD-1015A is identical to the example of a Homy Casa product that is covered by the claim of the '679 patent that was sold in the United States through Walmart.com and was identified as "HOMY CASA Writing Computer Desk Study Desk Home Office Brown Notebook Desk," and listed as "Sold & Shipped by HOMY CASA INC" (see Exhibit E) and shown below:



10

70. The foregoing, either alone or in combination render the '679 patent invalid under 35 U.S.C. 101 et seq.

71. Additionally, or in the alternative, the drawings of the '679 patent are indefinite.

72. Design patents may only be directed to a single embodiment of a single invention.

73. The '679 patent contains multiple embodiments making it impossible to determine which embodiment is the subject of the invention.

74. Particularly, figures 1, 2, 7, and 8 of the '679 patent are directed to embodiments that do not include any feet.

75. However, figures 3 and 4 are directed to embodiments that include feet.

76. Due to the indefinite nature of the drawings, it is not possible to discern the proper scope of the ornamental design that is supposedly covered by the claim of the '679 patent.

77. The '679 patent is invalid under 35 U.S.C. § 112 at least for failing to distinctly set forth the subject matter of the invention and being directed to multiple embodiments.

78. Additionally, or in the alternative, the '679 patent is invalid under 35 U.S.C. § 171 because the design of the alleged invention is primarily functional rather than ornamental.

79. Angled cross braces and "X" shaped cross braces are long known, fundamental structural elements for securely strengthening square or rectangular objects. Indeed, such struts have been fundamental structures of bridges for decades if not centuries.

80. It would have been obvious and functional to incorporate those basic struts into a simple desk as shown in the "679 patent.

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Unenforceability)

81. Ramot realleges and incorporates each of the foregoing paragraphs as if fully set forth in this paragraph.

82. The application that would mature into the '679 patent was filed on January 13, 2018.

83. The Patent Office did not issue a notice of allowance in the application that would mature into the '679 patent until December 12, 2018.

84. During the prosecution of the application that would mature into the '679 patent, the Defendant never filed a single Information Disclosure Statement.

85. On information and belief, the inventor, Defendant, or its agent(s) knew of at least other desks if not item number DR-OD-1015A before or during the prosecution of the '679 patent and deliberately hid that information from the Patent Office in violation of each's duty of candor.

86. Rather than disclosing the existence of other desks or item number DR-OD-1015A in the '679 patent through the filing of an Information Disclosure Statement, the inventor, Defendant, or its agent(s) chose to hide all of their knowledge of desks from the Examiner.

87. The inventor, Defendant, or its agent(s) knew or should have known that the existence of other desks and item number DR-OD-1015A were relevant and material to the patentability of the claim of the '679 patent.

88. At least by choosing not to disclose any prior art whatsoever to the Examiner of the application that would mature into the '679 patent, the inventor, Defendant, or its agent(s) breached their duty of candor to the Patent Office and engaged in inequitable conduct that renders the '679 patent unenforceable.

89. Ramot is entitled to a declaratory judgment that the '679 patent is unenforceable due to inequitable conduct.

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition under 810 ILCS 510)

90. Ramot realleges and incorporates each of the foregoing paragraphs as if fully set forth in this paragraph.

91. It is a violation of 810 ILCS 510/2 when, among other things, a person engages in a deceptive trade practice through, in the course of business, disparaging the goods, services, or business of another by making a false or misleading representation of fact.

92. Defendant made false or misleading statements of fact to at least the online retailer Amazon.

93. For example, Defendant represented to Amazon that Plaintiffs' products infringed the '679 patent when those products did not.

94. Defendant made such representations willfully and with knowledge that they were false or misleading.

95. Defendant furthered its inequitable scheme—which began during the patent application process—by asserting a patent that they obtained through inequitable conduct, and did so during the midst of a global pandemic with the intent to close off the market on folding desks.

96. Ramot provided Defendant with a detailed explanation of why its product did not infringe the '679 patent, yet Defendant willfully ignored such bases of noninfringement in continuing to maintain its bad faith claim of infringement to third parties such as Amazon.

97. Ramot has been damaged by Defendant's representations at least insofar as Ramot has been prevented from selling their products on Amazon.com.

98. Ramot is entitled to injunctive relief, damages, costs, and attorney's fees.

## FIFTH CLAIM FOR RELIEF
### (Tortious Interference with Contract)

99. Ramot realleges and incorporates each of the foregoing paragraphs as if fully set forth in this paragraph.

100. Prior to March of 2020, Ramot had a contract with Amazon whereby Ramot was permitted to sell its products on Amazon.com in exchange for a fee per sale.

101. The contract was valid and enforceable.

102. Defendant was aware of the contract because Defendant also sold on Amazon.com and therefore knew what was required of sellers like Ramot that sold product on Amazon.com.

103. Defendant intentionally induced Amazon to breach its contract with Ramot and prevent Ramot from selling its products on Amazon.com by making false claims of patent infringement against Ramot.

104. Defendant actively persuaded and encouraged Amazon to prohibit Ramot from selling its products on Amazon.com by filing a complaint (specifically Complaint ID 6903423661) with Amazon.com alleging that Ramot was infringing the '679 patent.

105. Ramot provided Defendant with a detailed explanation of why its product did not infringe the '679 patent, yet Defendant willfully ignored such bases of noninfringement in making further bad faith claims of infringement to third parties such as Amazon.

106. Amazon did breach its contract and prevent Ramot from selling its products on Amazon.com due to Defendant's wrongful conduct.

107. Ramot has suffered damages as a result of Defendant's wrongful conduct at least insofar as it has been prevented from selling products through Amazon.com and has lost sales because of that.

**SIXTH CLAIM FOR RELIEF**
**(Tortious Interference with Prospective Economic Advantage)**

108. Ramot realleges and incorporates each of the foregoing paragraphs as if fully set forth in this paragraph.

109. Prior to March of 2020, Ramot had a business relationship with Amazon whereby Ramot was permitted to sell its products on Amazon.com in exchange for a fee per sale.

110. Ramot reasonably expected that it would continue to sell its products through Amazon.com.

111. Defendant was aware of the relationship because Defendant contacted Amazon about Ramot's products being sold on Amazon.com and therefore knew that Ramot expected to continue to sell its products on Amazon.com.

112. Defendant intentionally and unjustifiably induced Amazon to terminate the business relationship and Ramot's expectancy and prevented Ramot from selling its products on Amazon.com by making false claims of patent infringement against Ramot.

113. Defendant actively persuaded and encouraged Amazon to prohibit Ramot from selling its products on Amazon.com by filing a complaint with Amazon.com alleging that Ramot was infringing the '679 patent.

114. Ramot provided Defendant with a detailed explanation of why its products did not infringe the '679 patent, yet Defendant willfully ignored such bases of noninfringement in maintaining its bad faith claim of infringement to third parties such as Amazon.

115. Amazon did terminate its business relationship with Ramot with respect to the product at issue and continues to prevent Ramot from selling its products on Amazon.com due to Defendant's wrongful conduct.

116. Ramot has suffered damages as a result of Defendant's wrongful conduct at least

insofar as it has been prevented from selling products through Amazon.com and has lost sales because of that.

## PRAYER FOR RELIEF

WHEREFORE, Ramot respectfully prays for this Court to enter an Order granting the following relief on the claims in suit and against Homy:

1. A declaration that Ramot's products do not infringed, either directly, indirectly, or contributorily any valid and enforceable claim of the '679 patent;
2. A declaration that the claim of the '679 patent is invalid;
3. A declaration that the '679 patent is void and unenforceable;
4. An order declaring that Ramot is a prevailing party and that this is an exceptional case, awarding Ramot its costs, expenses, and reasonable attorney's fees under 35 U.S.C. § 285;
5. An order awarding Ramot damages for Defendant's tortious conduct;
6. An order that Defendant and all those acting in concert or participation with it be permanently enjoined from contacting third-parties to remove Ramot's products as infringing the '679 patent;
7. An order that Ramot be granted such other and additional and equitable relief as the Court deems just and proper.

## JURY DEMAND

Ramot demands a trial by jury on all issues so triable.

Respectfully submitted,

RAMOT HILLS LLC

/s/Matthew De Preter

16

Matthew De Preter
Christopher W. Niro

ARONBERG GOLDGEHN DAVIS &
GARMISA
330 N. Wabash Ave. Suite 1700
Chicago, IL 60611
(p) 312.828.9600
(f) 312.828.9635
cdepreter@agdglaw.com
cniro@agdglaw.com


Attorneys for Plaintiff,
RAMOT HILLS LLC