**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| RAMOT HILLS LLC | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 1:20-cv-03154 |
| Plaintiff, | | Judge: Rebecca R. Pallmeyer |
| | | Magistrate Judge: Beth W. Jantz |
| v. | | |
| HOMY CASA LIMITED, | | |
| Defendant. | | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PERMISSION TO SERVE COMPLAINT ELECTRONICALLY AND FOR TEMPORARY INJUNCTION**

The Court conducted a preliminary hearing on July 6, 2020. During that hearing, for the first time, Defendant represented that the prior art set forth in Plaintiff's opening motion and memorandum was not prior art under 102 because it was an example of Defendant's own product sold less than one year before the filing date of the patent. Defendant's contention at the hearing necessitates this supplement.

While Defendant has the burden of establishing that the prior art relied on does not constitute prior art, and without waiving any of Plaintiff's arguments or rights, Plaintiff submits that even if Defendant were correct, the '679 patent is still invalid. It is extremely likely that Ramot will succeed on the merits in establishing that the '679 patent is at least invalid under 35 U.S.C. §102 as the invention was on sale, offered for sale, and otherwise available to the public prior to the priority date.

As noted in Ramot's opening memorandum, the application that matured into the '679 patent was filed on January 13, 2018. *See* Doc. 1-1. PageID# 19. Accordingly, under §102, any offer to sell the invention, or anything that shows the invention was available to the public before January 13, 2018 invalidates the '679 patent.

The '679 patent is directed to the ornamental design of a folding desk as shown below:



However, the following desk was offered for sale and sold prior to the filing date of the '679 patent:



As set forth in the Supplemental Declaration of Rafael Streicher, the forgoing desk was offered for sale and sold by Xiamen Toujin Trade Co., LTD at least as early as October 31, 2017 and December 8, 2017 respectively. See Supplemental Decl. of Rafael Streicher and Exhibits 1 and 2 thereto. A representative from Xiamen provided Mr. Streicher with both a quotation from Xiamen to third party Promo Power Group for the sale of the desk after displaying the desk at a trade show. Promo Power Group then purchased a number of the desks from Xiamen.

While it is odd that prior to the July 6, 2020 hearing Defendant refused to engage in any meaningful contact with Plaintiff or provide any evidence of its alleged ownership of the desks set form in Plaintiff's opening motion, even if its contentions are true, Ramot is still entitled to an injunction precluding Defendant's interference. Due to the offers and sales of prior art desks such as Item No. 604-002 above, it is highly likely that Ramot will be successful in invalidating the '679 patent.

Respectfully submitted,

Dated: July 6, 2020                  RAMOT HILLS LLC

/s/ Matthew De Preter
Matthew De Preter
Christopher W. Niro

ARONBERG GOLDGEHN DAVIS & GARMISA
330 N. Wabash Ave. Suite 1700
Chicago, IL 60611
(p) 312.828.9600
(f) 312.828.9635
cdepreter@agdglaw.com
cniro@agdglaw.com


Attorneys for Plaintiff,
RAMOT HILLS LLC

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on July 6, 2020 a true and correct copy of the foregoing was filed electronically with the Clerk of the Court through the Court's CM/ECF System, and emailed to Jeffery H. Greger, counsel for Defendant, at jhgreger@ipfirm.com.

                                    /s/ Matthew De Preter
                                    One of the Attorneys for Ramot Hills LLC