**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAMOT HILLS LLC | Civil Action No.: 1:20-cv-03154 |
| Plaintiff, | Judge: Rebecca R. Pallmeyer |
| | Magistrate Judge: Beth W. Jantz |
| v. | |
| HOMY CASA LIMITED, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF RAMOT HILLS' MOTION
TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

I.  **Introduction**

Ramot Hills brought this action against Defendant Homy Casa asserting claims for declaratory judgement of non-infringement and invalidity of US Patent No. D845,679 as well as additional state law claims. Defendant served its Answer and included therewith a section titled "Affirmative Defenses." Doc. 20, pp. 9-10. However, Defendant's proposed affirmative defenses fail to meet the pleading requirements. Rather than providing the appropriate factual support, each is simply a single sentence, and none contain any supporting facts. This Court should strike each under Rule 12(f) of the Federal Rules of Civil Procedure.

II. **The Federal Rules Require a Plain Statement of Each Affirmative Defense with Sufficient Supporting Facts**

When a defendant responds to a pleading, the defendant must affirmatively state any affirmative defense. Fed. R. Civ. P. 8(c). Because affirmative defenses are pleadings, they are subject to the pleading requirements of the Federal Rules of Civil Procedure and must set forth a "short and plain statement" of that defense. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). "[B]are bones" affirmative defenses are decidedly insufficient. *See Shield Techs. Corp. v. Paradigm Positioning, LLC*, 2012 WL 4120440 at *8 (N.D. Ill. Sept. 19, 2012).

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may "strike from a pleading an insufficient defense." *Behn v. Kiewit Infrastructure Co.*, 2018 WL 5776293, at *1 (N.D. Ill. Nov. 2, 2018); Fed. R. Civ. P. 12(f). To survive a motion to strike, an affirmative defense must satisfy a three-part test: "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9, and (3) the matter must withstand a Rule 12(b)(6) challenge." *Brown v. Kelly Servs., Inc.*, 2017 WL 1386188, at *1 (N.D. Ill. Apr. 18, 2017) (citations omitted).

While "[t]he Seventh Circuit has not yet decided whether the *Twombly-Iqbal* standard applies to affirmative defenses…, the majority view of District Court decisions in this [Seventh Circuit] is that the pleading standard set forth in *Twombly* and *Iqbal* applies to affirmative defenses." *Id*. (citing cases). Accordingly, all affirmative defenses must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly, Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

A defense that is "nothing more than a mere denial of the allegations in the complaint," is "inappropriately pleaded" as an affirmative defense. *Thomas v. Exxon Mobil Corp.*, 2009 WL 377334, at *2 (N.D. Ill. Feb. 11, 2009). Indeed, "'a problem arises when a party asserts boilerplate defenses as mere placeholders without any apparent factual basis.'" *Behn,* 2018 WL 5776293, at *1 citing *Dorsey v. Ghosh*, 2015 WL 3524911, at *4 (N.D. Ill. June 3, 2015). Even where a party may provide a legal basis for a defense, that is not sufficient absent a connection to factual information from the case. *TWD, LLC v. Grunt Style LLC*, No. 18 C 7695, 2019 WL 5420153, at *5 (N.D. Ill. Oct. 23, 2019).

**III.     Defendant's Affirmative Defenses Fail the *Twombly/Iqbal* Standards**

Defendant's Answer included four affirmative defenses. The totality of the information Defendant sets forth in conjunction with its assertion is as follows:

1) The Plaintiff's state-law tort claims are barred by the First Amendment to the United States Constitution.
2) The Plaintiff's state-law tort claims are barred by the doctrine of federal preemption.
3) The Plaintiff's request for injunctive relief is barred by the doctrine of unclean hands.
4) The Plaintiff's state-law claims and/or request for relief is barred by its failure to join a necessary party – namely, Amazon.

*See* Doc. 20, pp. 9-10.

While the foregoing may identify some legal theories, none set for sufficient factual matter which, if accepted as true, states a claim to relief that is plausible on its face. Instead, each is a boilerplate defense that acts only as a placeholder without any apparent factual basis. Accordingly, it is appropriate for this Court to strike each of them. *See TWD,* 2019 WL 5420153, at *5 ("TWD's remaining eight affirmative defenses are merely sentences that lack both factual and legal support. For example, TWD's tenth affirmative defense states, 'Grunt Style had unclean hands by asserting trademark rights to THIS WE'LL DEFEND that it did not own.' Although it is clear that TWD is raising an unclean hands defense, there is insufficient factual support alleged to establish that defense. Such a pleading cannot stand under the standard set forth in *Twombly* and *Iqbal*.").

## IV. Conclusion

Defendant's proposed affirmative defenses fail to set forth sufficient facts as required by the Federal Rules of Civil Procedure and the tenets of the Supreme Court's *Twombly/Iqbal* precedents. This Court should strike each of the four proposed affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 6, 2020 | RAMOT HILLS LLC |
|  | /s/ Matthew De Preter<br>Matthew De Preter<br>Christopher W. Niro |
|  | ARONBERG GOLDGEHN DAVIS & GARMISA<br>330 N. Wabash Ave. Suite 1700<br>Chicago, IL 60611<br>(p) 312.828.9600<br>(f) 312.828.9635<br>cdepreter@agdglaw.com<br>cniro@agdglaw.com |
|  | Attorneys for Plaintiff,<br>RAMOT HILLS LLC |

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on August 6, 2020 a true and correct copy of the foregoing was filed electronically with the Clerk of the Court through the Court's CM/ECF System.

                                  /s/ Matthew De Preter
                                  One of the Attorneys for Ramot Hills LLC